IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE WHEATON FRANCISCAN ERISA LITIGATION | Case No. 16-cv-04232 |
| | Honorable Gary Feinerman |

**ORDER AND FINAL JUDGMENT**

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), set forth in Plaintiffs' Class Action Complaint dated June 28, 2016, with respect to the Wheaton Franciscan System Retirement Plan (the "Plan").[1] The Parties entered into a Class Action Settlement Agreement dated September 1, 2017, which was filed on September 1, 2017 ("Settlement" or "Settlement Agreement").

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated September 13, 2017, preliminarily certifying the putative class in this Action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for January 16, 2018 at 9:15 a.m., and providing the members of the Settlement Class with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on January 16, 2018 at 9:15 a.m., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and

---

[1] This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

2.  The Class this Court previously certified preliminarily in its Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2). The Class consists of:

> All persons who, as of July 31, 2017, are former and/or current Plan participants, whether vested or non-vested, and their beneficiaries.

3.  The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4.  Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5.  Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6.  Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Plaintiffs Bruce Bowen, Cheryl Mueller, and Diann Curtis are members of the Settlement Class, their

claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Bruce Bowen, Cheryl Mueller, and Diann Curtis as Settlement Class representatives.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P., as Class Counsel to represent the members of the Settlement Class.

8. The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

9. The Court directed that Class Notice be given pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) On or about October 13, 2017, Class Counsel posted the Settlement Agreement and long-format Class Notice to the Settlement websites: www.cohenmilstein.com/wheaton-settlement and www.kellersettlements.com; and (2) on or about October 13 , 2017, the Settlement Administrator, Garden City Group, mailed in excess of 27,000 copies of the Summary Notice of Class Action Settlement to members of the Settlement Class.

10. The Class Notice advised members of the Settlement Class of: the terms of the Settlement; the Fairness Hearing and the right to appear at such Fairness Hearing; the inability to opt out of the Settlement Class; the right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

11.     The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that the Notice Program approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

12.     The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a)     The Settlement provides for significant financial benefit to the Plan and provides substantial financial and procedural protections for payment of Plan benefits to the Settlement Class.

b)     The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert A. Meyer, Esq.  The Settlement is not the result of collusion.

c)     The negotiations were supported by a robust investigation before commencement of the Action; the production and review of confidential documents

4

protected by Fed. R. Evid. 408 during mediation discovery; and the U.S. Supreme Court's decision on statutory issues in this case. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

      d)    Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this Action.

Accordingly, the Settlement shall be and it hereby is approved and the Settlement Agreement is adopted in full as an Order of this Court.

13. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

14. This Settlement, this Judgment, and/or the fact of Settlement do not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. "Releasees" shall mean all Defendants, and any and all entities that are a part of and/or affiliated with Wheaton Franciscan Services, Inc. or Ascension Health Alliance (including

but not limited to any current or former direct or indirect parent or subsidiary corporations), and/or their employees, agents, directors, members, and insurers, including the individual defendants.

16. "Released Claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint, or otherwise, in connection with the sponsorship, funding, maintenance, operation or termination of, or distributions from, the Plan, that were brought or could have been brought under federal law or state law as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the "church plan" status of the Plan.

17. Released Claims shall not include the release of any obligation under the Settlement Agreement, individual claims for relief seeking benefits under state law under the Plan document; claims related to any other plan that is merged or consolidated with the Wheaton Franciscan System Retirement Plan after August 11, 2017, or any prospective claim arising under ERISA with respect to any event occurring after: the Internal Revenue Service issues a written ruling that the Plan does not qualify as a church plan; pursuant to IRC § 410(d), an election is made on behalf of the Plan resulting in the Plan's coverage by the ERISA provisions specified in IRC § 410(d); the Roman Catholic Church disassociates itself from the Plan's Sponsor; or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption.

18. It is further ordered that as of the Effective Date of the Settlement Agreement Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that the Plaintiffs or the Settlement Class have, as defined in the Settlement Agreement. The Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim

based on, related to, or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

19. It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

20. It is further ordered that as of the Effective Date of the Settlement Agreement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaint or any pleading which would have been required to be filed in the Action or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaint or any such other pleading in the Action been fully litigated and resulted in a Final judgment or order.

21. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $ 2,178,165.54 which the Court finds to be fair and reasonable, and $41,834.46 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid by Defendants, pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

22. Named Plaintiffs Bruce Bowen, Cheryl Mueller, and Diann Curtis are hereby awarded Incentive Payment Awards in the amount of $10,000 each, which the Court finds to be fair and reasonable. The Incentive Payment Awards shall be paid by Defendants pursuant to the terms of the Settlement Agreement.

23. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

24. The Court hereby dismisses with prejudice the Action and all Released Claims identified in § 3.1 of the Settlement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 21 hereof.

25. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 16th day of January, 2018.

                                               Judge Gary Feinerman
                                               UNITED STATES DISTRICT JUDGE
                                               NORTHERN DISTRICT OF ILLINOIS